**Roger J. WALSH, Edward Boden, Sr., and Edward Boden, Jr., Plaintiffs–Appellees,**

v.

**McCAIN FOODS LIMITED and McCain USA, Incorporated, Defendants–Appellants.**

No. 95–2942.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 20, 1996.

Decided April 17, 1996.

Rehearing and Suggestion for Rehearing En Banc Denied May 31, 1996.

---

Sherman P. Marek, Gardner, Carton & Douglas, Chicago, IL, Jerrold E. Salzman, Phillip L. Stern, Derek J. Meyer, Freeman, Freeman & Salzman, Chicago, IL, for Roger J. Walsh, Sr.

Sherman P. Marek, Gardner, Carton & Douglas, Chicago, IL, Jerrold E. Salzman, Phillip L. Stern, Derek J. Meyer, Freeman, Freeman & Salzman, Chicago, IL, Douglas K. Morrison (argued), Morrison & Mix, Chicago, IL, for Edward Boden, Sr. and Edward Boden, Jr.

Lowell E. Sachnoff, Marshall M. Seeder, Craig T. Boggs, Robert H. Nathan, Sachnoff & Weaver, Chicago, IL, for McCain Foods Limited and McCain USA, Incorporated.

Before CUMMINGS, CUDAHY and MANION, Circuit Judges.

CUMMINGS, Circuit Judge.

A jury awarded plaintiffs $4.8 million against defendants McCain Foods Limited and McCain USA, Inc. ("McCain") for breach of contract. McCain filed a motion for a new trial pursuant to Fed.R.Civ.P. 60(b) and a motion to amend the verdict pursuant to Fed.R.Civ.P. 59(e), both of which were denied. McCain appeals the denials of those motions and numerous evidentiary rulings by the district court. For the reasons discussed below, the judgment of the district court is affirmed.

### Background

In October 1985, plaintiffs Edward Boden, Sr., Edward Boden, Jr., and Roger J. Walsh collectively owned all of the stock of Bodine's, an Illinois corporation that packaged and distributed frozen concentrated orange juice. In an attempt to sell the corporation, Walsh sent George McClure, vice president of McCain, a Canadian frozen food company, a package of information describing Bodine's and its financial condition. Included in the package were unaudited financial statements for the years 1982 through 1984 and unaudited monthly financial statements for the period ending August 31, 1985. McClure conducted a preliminary review of the information and concluded that McCain might be interested in purchasing Bodine's. On October 24, 1985, Boden, Sr. told McCain that plaintiffs had reached a preliminary agreement to sell Bodine's to a competitor of McCain, but that McCain still might be able to purchase Bodine's if it moved quickly.

McCain's chairman, its lawyer, and McClure flew to Chicago the next day and quickly reached a preliminary sales agree-

ment. As a condition of sale, McCain demanded that plaintiffs represent and warrant that (1) Bodine's August 31, 1985 financial statements were accurate; (2) there had been no material adverse change in Bodine's business since August 31, 1985 except as specified; and (3) McCain was entitled to subsequent purchase price adjustments if the plaintiffs had made any misrepresentations with regard to the sale. Pursuant to the agreement, half of the purchase price was to be paid to plaintiffs at closing and the remainder was to be paid in annual promissory notes over the next five years. However, the agreement contained a provision allowing McCain to set off against the notes any amount attributable to an "established misrepresentation." The transaction closed on November 6, 1985. Subsequent to that date, McCain learned that the Bodens and Walsh were under investigation for adulterating Bodine's frozen concentrated orange juice by adding significant amounts of sugar to the product. Additionally, a post-closing audit performed by an independent accounting firm hired by McCain suggested that Bodine's expected net worth was negative $4,860,490, not the negative $1,089,357 stated on Bodine's unaudited financial statements. Allegedly based upon the discovery of the adulteration charges and the independent audit, McCain refused to make any of the installment payments on the promissory notes. This prompted the plaintiffs to bring suit for breach of contract against McCain.

While the case was still pending, the Bodens and Walsh were indicted by the United States Attorney for the Northern District of Illinois for selling orange juice adulterated with sugar, grapefruit and other materials in violation of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 331, 333, 342 & 343. The Bodens subsequently entered into plea agreements in which they pleaded guilty to adulterating the orange juice with grapefruit product, but not with sugar. Walsh passed away in October of 1989, prior to prosecution by the U.S. Attorney. The trustee of his estate was substituted as a party in the civil trial against McCain and the two parties settled their dispute prior to the case going to the jury.

At trial, the Bodens admitted to the jury in their opening statement that Bodine's had adulterated its orange juice with sugar. They argued, however, that McCain should be liable on the promissory notes nonetheless because it was unconcerned about the adulteration prior to acquiring Bodine's. Plaintiffs presented evidence that McCain intended to completely recreate Bodine's after the purchase by giving it a new name, a new product line, new equipment, a new distribution process, and new management. Plaintiffs argued that all McCain cared about was acquiring Bodine's land, buildings, work force, and distribution location. Thus plaintiffs argued that the adulteration did not affect McCain's decision at all. The jury apparently believed the Bodens' version of the facts and returned verdicts in their favor in the amount of $4,864,084, the amount owed on the promissory notes. McCain filed a motion for a new trial pursuant to Fed. R.Civ.P. 60(b), claiming that the verdicts were reached as a result of fraud, and also filed a motion to amend the verdicts pursuant to Fed.R.Civ.P. 59(e). The district court denied both motions. McCain contends on appeal that the motions should have been granted and that the district court abused its discretion in a series of evidentiary rulings.

## Discussion

### A.

McCain argues that the district court erred by denying its Rule 60(b) motion for a new trial on the basis of fraud. McCain does not contend that plaintiffs committed fraud by any traditional method such as withholding evidence or perjuring themselves on the witness stand. Instead, McCain contends that the Bodens committed fraud by admitting to the jury in opening argument that Bodine's had adulterated its orange juice when they had consistently denied doing so prior to trial. McCain did not call either of the Bodens as witnesses at trial or attempt in any other manner to point out the alleged inconsistencies in the Bodens' testimony to the jury. Instead, they waited until a verdict was reached and then filed a motion for a new trial. The district court denied the Rule 60(b) motion because McCain "failed to ob-

ject to the testimony and comments by counsel regarding th[e] admission during the trial, and therefore its contention that it was unfairly surprised by plaintiffs' about-face is waived." [Tr. 533–534].

■ Absent plain error, a party must object at trial in order to seek relief on the basis of surprise under Rule 60(b). *Sadowski v. Bombardier Ltd.,* 539 F.2d 615, 618 (7th Cir.1976). In other words, "a party may not sit silently by, letting claimed error occur and then seek relief if the result is unfavorable." *Id.* McCain argues that the following statement by its counsel to the court was a sufficient objection: "I don't see how they can make that statement (denying adulteration) and then make this statement here (admitting adulteration)." [Tr. 533–534]. Whether this statement was sufficient to preserve error is questionable, but also irrelevant because McCain has not proven that it is entitled to a new trial.

■ To obtain relief from a judgment under Rule 60(b)(3), the movant must prove that (1) it maintained a meritorious claim at trial; and (2) because of the fraud, misrepresentation or misconduct of the adverse party; (3) it was *prevented from fully and fairly presenting its case* at trial. *Lonsdorf v. Seefeldt,* 47 F.3d 893, 897 (7th Cir.1995) (emphasis added). It is difficult to understand why McCain feels it was unfairly prejudiced by the Bodens' admitting a fact that McCain fully intended to prove at trial. McCain's only assertion of how it was prevented from fairly presenting its case is that it had spent the bulk of its preparation time building its defense around having to prove the Bodens' adulteration of the orange juice and was "completely unprepared" to prove its lack of knowledge or concern about the adulteration. We find this a bit difficult to believe. During the nearly nine years that the case was pending in the district court, it must have occurred to McCain and its counsel that to successfully present a defense and counterclaim that the adulteration adversely affected McCain's decision to purchase Bodine's, it would have to prove not only the adulteration itself, but also that it would not have purchased Bodine's if it had known of the adulteration. Only McCain's reliance on the non-existence of the adulteration could ever justify the defense and counterclaim. McCain's Rule 60(b) motion was properly denied.

## B.

McCain also asserts that it deserves a new trial because the district court made numerous evidentiary errors. The first alleged error involved admissions made by Walsh during discovery. On June 27, 1989, discovery documents were served on Walsh requesting that he admit that Bodine's did not disclose the adulteration of the orange juice prior to the closing and that plaintiffs had misrepresented Bodine's financial position. No such requests were made of the Bodens. It is unclear whether Walsh's health prevented his responding to the requests—a possibility given that he passed away in October of that year—but in any event he never answered the questions. Pursuant to Fed.R.Civ.P. 36(a), the requests were deemed admitted. However, the district court ruled that the admissions could not be read to the jury as evidence against the Bodens.

■ A party who fails to respond to requests for admissions within 30 days is deemed to have admitted those requests. Fed.R.Civ.P. 36(a). However, those admissions are still subject to the limitation on hearsay evidence and must fit within an exception to the rule to be properly admitted:

> "Admissions obtained under Rule 36 may be offered in evidence at the trial of the action, but they are subject to all pertinent objections to admissibility that may be interposed at the trial.... It is only when the admission is offered against the party who made it that it comes within the exception to the hearsay rule for admissions of a party opponent." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure: Civil 2d* § 2264, at 571–572 (1994).

Walsh's admissions are clearly hearsay since they were statements made out of court and offered for the truth of the matter asserted. Fed.R.Evid. 801(c). McCain's only argument around the hearsay barrier is that Walsh negotiated the sale of Bodine's on behalf of the Bodens and thus was their agent.

Therefore, McCain argues that they are admissible pursuant to Fed.R.Evid. 801(d)(2), which states that admissions by a party-opponent are not hearsay. However, Walsh's failure to answer the requests for admissions occurred nearly four years after Bodine's had been sold to McCain. Any agency relationship that existed between Walsh and the Bodens was terminated upon the sale of the corporation. Thus Walsh's admissions do not fit within the "admissions of a party opponent" category and were properly excluded from evidence.

Next, McCain argues that the district court's decision with regard to its expert was incorrect. On May 27, 1994, McCain was given leave to add James Matthews, a partner in the firm that conducted the post-closing audit, to its list of experts to be called at trial. Pursuant to Fed.R.Civ.P. 26(a)(2), McCain offered Matthews's report stating that plaintiffs had overstated the amount of Bodine's expected net worth by roughly $3.7 million. The district court granted plaintiffs permission to depose Matthews, which they did. At his deposition he was presented a list entitled "Principal Components of Net Difference." This document was prepared by his accounting firm and was explicitly referred to in the expert report as the basis for his opinion regarding the alleged overstatement. Matthews was asked about each specific item in the report and expressed almost no familiarity with them. After the deposition, McCain neither supplemented Matthews's deposition nor the written report. Plaintiffs filed a motion to exclude Matthews's expert opinion regarding the specific items comprising the $3.7 million in alleged overstatements on the grounds that he could not provide an underlying basis for any of them. The district court denied plaintiffs' motion, but ordered that Matthews would be bound at trial by the statements he made in his deposition, lest he violate Fed.R.Civ.P. 26(a)(2) by providing previously undisclosed expert testimony.

The district court's decision was not erroneous. Rule 26(a)(2) explicitly requires an expert witness to provide a report containing his opinions as well as the basis and reasons for those opinions. Subsections (a)(2)(C) and (e)(1) of that rule require that the expert's

disclosure be supplemented if there are any modifications or additions to the information previously disclosed. This duty extends "both to the information contained in the expert's report and to the information provided through deposition of the expert." Fed.R.Civ.P. 26(e)(1). Additionally, if a party fails to comply with Rule 26, a trial court has the discretion to impose sanctions, including the exclusion of evidence. See, e.g., Patel v. Gayes, 984 F.2d 214, 220–221 (7th Cir.1993). Thus the district court's decision to limit Matthews's testimony to that previously disclosed to plaintiffs in his report and deposition was nothing more than a warning that the court would not allow McCain to violate Rule 26 at trial. McCain cannot legitimately argue that Matthews should have been allowed to testify about matters not previously disclosed to the plaintiffs.

Next McCain argues that the district court improperly granted plaintiffs' motion in limine. That motion requested that the parol evidence rule be applied to prevent McCain from offering evidence to suggest that the parties had agreed prior to closing that any discrepancy between the post-closing audit and Bodine's unaudited financial statements would be automatically "set off" from the purchase price. Twice during trial, the district court sustained plaintiffs' objection when McCain attempted to elicit testimony to the effect that McCain had disclosed to the plaintiffs that it was going to have a post-audit performed. McCain asserts that this was improper because the questions were seeking only to elicit information regarding whether the Bodens knew McCain was going to have the audit performed, rather than seeking to alter the terms of the purchase agreement. It is true that the parol evidence rule is limited to barring "evidence of prior or contemporaneous agreements or negotiations ... introduced to contradict the terms of a partially integrated writing." Merk v. Jewel Food Stores, 945 F.2d 889, 892 (7th Cir.1991). And arguably McCain's questions were not designed to elicit testimony to contradict the purchase agreement. However, McCain has not proven that it was prejudiced by the district court's ruling. McCain's only argument is

that because of the error the jury "was left with the wrong impression that the ... post-closing audit was a purely self-serving surprise attack upon the plaintiffs." [Def. Br. 37]. Even if that were a correct statement of the jury's impression, it is difficult to believe that its verdicts would have come out differently had the jury been told that McCain had informed plaintiffs that it intended to have a post-closing audit performed. Whether McCain told the plaintiffs of the audit has little relevance to the issue of the case: whether plaintiffs affirmatively misrepresented the value of their corporation.

## C.

McCain's only other argument that merits discussion is that the district court erred in denying McCain's motion to amend the judgment pursuant to Fed.R.Civ.P. 59(e). As discussed above, McCain's expert testified that Bodine's unaudited financial statements overstated its expected net worth by $3.7 million. McCain argues that because the Bodens' expert rebutted only $2.5 million of the specific overstatements alleged by McCain's expert, McCain is entitled to have the judgment reduced by $1.2 million. However, the record demonstrates that the plaintiffs challenged the comparability of McCain's *entire* report, not just specific items listed therein:

Q: As a result of your work on this case and your experience and knowledge, Mr. Eisenberg, did you reach an opinion on whether the audited balance sheet offered by [the independent firm] could be properly compared to the August 31, 1985 unaudited balance sheet of Bodine's, Inc., which was attached to the purchase agreement?

A: Yes ... it is my opinion that they are not comparable [because] we don't know from the report that the same accounting principles were applied. [Tr. 812].

Plaintiffs elicited testimony to the same effect from McCain's expert witness on cross-examination:

Q: And there was no attempt made to go back to the Bodine's records to determine what Bodine's practices were, correct?

A: That's correct.

Q: And, in fact, you cannot compare the results of the [independent firm's] audit with those of the August 31, 1985 [Bodine's financial statement], because no attempt was made to go back and find out how Bodine's prepared that statement, correct?

A: The second part of that statement is correct. We didn't go back.

Q: And you couldn't go back and you can't make the comparison because under generally accepted accounting principles, absent a determination of consistency, you cannot make a comparison, correct?

A: We couldn't audit a comparison, that's correct.

Q: You couldn't present them as comparable statements, correct?

A: Because we couldn't audit it, we couldn't present it either. [Tr. 674–675].

The testimony above suggested that McCain's report could not legitimately be compared with Bodine's financial statements, the only representations regarding Bodine's value made by the plaintiffs. Given this testimony, the jury could reasonably choose to disregard the entire report and find that McCain had no right to a set-off in any amount. The district court's denial of McCain's motion to amend the verdict was not an abuse of discretion.

## Conclusion

McCain has not proven that it was entitled to a new trial because of fraud on the part of the plaintiffs or that the district court committed reversible error in its evidentiary rulings. Similarly, McCain has not proven that the denial of its motion to amend the verdict was an abuse of discretion. The judgment of the district court is affirmed.