Wilfredo **HERNANDEZ ESCALANTE,** et al., **Plaintiffs,**

v.

**MUNICIPALITY OF CAYEY, Defendant.**

**No. 95–2511 (HL).**

United States District Court, D. Puerto Rico.

June 27, 1997.

Francisco Agrait–Oliveras, San Juan, PR, Jaime F. Agrait–Llado, Agrait & Associates, Hato Rey, PR, for plaintiffs.

Pedro J. Varela–Fernandez, Cayey, PR, for defendant.

## OPINION AND ORDER

LAFFITTE, District Judge.

Before the Court is Plaintiffs' motion for partial summary judgment, Defendant's opposition thereto, Defendant's cross-motion for summary judgment, and Plaintiffs' opposition thereto. (Dkt. Nos. 44, 45, 46, 47, & 48). For the reasons explained below, the Court hereby **denies** both motions for summary judgment.

## FACTS

In the Pretrial Order, the parties stipulated that the material facts recounted here are undisputed. *See* Pretrial Order, February 19, 1997, Dkt. No. 42 at 6–7.

On the morning of September 14, 1995, Pedro Hernandez Torres was in the wrong place at the wrong time. He was walking peacefully on Nunez Romeu Street in the Municipality of Cayey at the same time that several individuals were robbing the Alana Jewelry Store nearby. At least one person shouted that the store was being robbed. An off-duty Municipality of Cayey Police Officer, Luis A. Medina, heard the ruckus and immediately observed several individuals fleeing from the store with weapons.

The suspected looters were climbing into a van. One of the marauders pointed a weapon at Officer Medina who was now approximately twenty-five feet away. But the suspect never fired his weapon. Officer Medina initially found cover behind a parked automobile. Seconds later, however Officer Medina left his cover, pointed his registered Municipal firearm, and shot rapidly in the direction of the suspects. Pedro Hernandez Torres, the innocent bystander, was hit by one of Medina's bullets in the head and died shortly thereafter at the Hospital Menonita in Cayey.

## DISCUSSION

The relatives of Pedro Hernandez Torres have filed the instant lawsuit pursuant to Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141 (1991), requesting over 2.6 million dollars in damages

for their pain and suffering. Because Plaintiffs are domiciliaries of Florida and Defendant is a domiciliary of Puerto Rico, the Court has diversity jurisdiction over the complaint. 28 U.S.C. § 1332 (1997). The plaintiffs include (1) the wife of the deceased, Carmen Lydia Escalante, (2) the son of the deceased, Wilfredo Hernandez Escalante, (3) the son's wife Gloria Hernandez, and the children of the deceased's son (4) Veronica Hernandez and (5) Roxana Hernandez. As a result of the Court's dismissal of the Admiral Insurance Company from this case on August 25, 1996, *see* Dkt. Nos. 23 & 24, the only remaining defendant is the Municipality of Cayey.

Plaintiffs have filed a motion for partial summary judgment on the grounds that the Municipality of Cayey is liable as a matter of law for Officer Medina's negligent and/or reckless actions which caused the death of Pedro Hernandez Torres. Dkt. Nos. 44 & 47. The Municipality of Cayey has filed an opposition and, simultaneously, a cross-motion for summary judgment on the grounds that Officer Medina was not negligent as a matter of law and the Municipality can not be held liable when the officer uses his weapon in violation of the municipality's regulations. Dkt. Nos. 46 & 47.

■ There is a genuine issue in dispute as to whether Officer Medina was negligent in firing his weapon at the suspects and inadvertently killing an innocent bystander. Act No. 81 of August 30, 1991 permits Plaintiffs to file suit against the Municipality of Cayey for personal or property damage "caused by the fault or negligence of the municipality." P.R. Laws Ann. tit. 21, § 4704 (1995). From section 4705, it is clear that municipalities are liable for the "acts or omissions of [its] official[s], agent[s] or employee[s]" when such acts or omissions constitute negligence. P.R. Laws Ann. tit. 21, § 4705 (1995). Of course, the statute also places a cap on the amount which is recoverable from the municipality. If there is only one cause of action, the plaintiff may recover a maximum of $75,-000.00. *Id.* at § 4704. If there is more than one cause of action, the plaintiff or plaintiffs may recover a maximum of $150,000.00. *Id.*

■ An officer who fires his weapon negligently and injures an innocent bystander may expose the municipality to liability for the officer's negligent actions. *See Defendini Collazo v. Commonwealth of Puerto Rico,* 93 J.T.S. 119 at 10995, 11004, 11014–15 (1993) (holding that the element of negligence or carelessness of a policeman prevails over any degree of criminal liability of his conduct and a similar statutory act governing the Commonwealth's liability was constitutional); *Galarza Soto v. Commonwealth of Puerto Rico,* 109 D.P.R. 179, 9 Official English Translations 232, 236 (1979) (the Commonwealth of Puerto Rico was held liable for the negligent actions of two law enforcement officers who fired upon and injured an innocent person before checking the individual's identity); *Hernandez v. Fonseca,* 96 P.R.R. 698, 702–3 (1968) (the Commonwealth of Puerto was held liable for a police officer's negligent act of firing his weapon and injuring an innocent bystander because it was not an assault, the officer should have known that there were people on the streets, and his use of the weapon was not absolutely necessary); *Montes v. State Insurance Fund,* 87 P.R.R. 187, 194 (1963) (the Commonwealth of Puerto Rico was found liable for the surgical operation on plaintiff without his consent); *Baez Vega v. Commonwealth of Puerto Rico,* 87 P.R.R. 62, 69–71 (1963) (the Commonwealth of Puerto Rico was not found liable for the damages to the innocent bystander injured by the police officer's actions because the officer's actions constituted an assault); *People of Puerto Rico v.* Colon, 65 P.R.R. 714, 721–22 (1946) (upheld the second degree murder conviction of police officer who fired his weapon at fleeing suspects and wounded an innocent person).

On the one hand, Plaintiffs argue that Officer Medina was negligent because it is stipulated that he fired his weapon at several fleeing suspects in the morning hours and killed Pedro Hernandez Torres. Defendant, on the other hand, argues that Officer Medina acted prudently in self-defense with the appropriate force necessary to protect the public. Because the evidence of Plaintiffs and Defendant creates a genuine issue of material fact in dispute, the Court must hereby **deny** Plaintiffs' and Defendant's motions

**50**

for summary judgment. The question of whether Officer Medina acted negligently when he fired his weapon turns on a number of factors which a jury must consider including: (1) the time of day; (2) the location of the shooting; (3) the number of innocent bystanders in the public street; (4) whether Officer Medina intended to injure one of the suspects or merely frighten them; (5) whether Officer Medina fired his weapon in self-defense; (6) whether the firing of his weapon was a reasonable and necessary use of force; (7) whether Officer Medina's life or personal safety was in grave bodily danger; and (8) all the surrounding circumstances of the events leading to Pedro Hernandez Torres' demise.

■ Defendant also argues that it is entitled to a judgment as a matter of law because Officer Medina was off-duty when he fired his weapon and he violated the Municipality of Cayey's regulations by carrying his weapon after his shift ended. Defendant overlooks the fact that an officer's violation of police regulations does not shield the municipality from liability. In *Sanchez Soto v. Commonwealth of Puerto Rico*, 91 J.T.S. 52, 8645, 8649 (1991), Officer Rosa Serrano of the Commonwealth Police Department was carrying her weapon while off-duty in a area where she had investigated various suspects and arrested people. In violation of the Commonwealth regulations, she removed her weapon from her bag and placed it under her belt. When she removed the weapon once again to examine it, the gun fired and she injured an innocent bystander. Although her actions violated regulations, the Supreme Court of Puerto Rico declared that the Commonwealth would still be held liable. *Id.* The Court reasoned that if an officer's violation of the department's regulations were sufficient to exonerate the Commonwealth then the Commonwealth would be virtually immune to any lawsuit for an officer's negligence. *Id.*

■ Officer Medina's violation of the Municipality of Cayey's regulations, therefore, does not shield the Municipality from liability. Under the Municipality's regulations and by statute, Officer Medina had an obligation to protect the lives and property of the citizens of the Municipality of Cayey on September 14, 1995. *See* Regulations of the Munici-

pality of Cayey Guard, Dkt. No. 48 at 4–6; P.R. Laws Ann. tit. 21, §§ 1063, 1066(a) (1995). The fact that he was off-duty at the time of the shooting, like Officer Rosa Serrano in *Sanchez Soto,* and the fact that he was violating the Municipality's regulations by possessing his weapon during his off-duty hours does not immunize the Municipality of Cayey for Officer Medina's actions. The Court also notes for the Record that Officer Medina swore that "at the Academy and at the Municipal Police we are taught and it is emphasized that Municipal Guards are guards twenty-four hours a day and if we encounter a delinquent activity, such as the one that took place on September 14, 1995, at Alana Jewelry Store, we are obliged to intervene as guards." Medina Aff., Dkt. No. 50 at ¶ 7. This statement creates an additional genuine issue of material fact as to whether the Municipality violated its own written policies and actually permitted its guards to carry their weapons at all times and protect the public *twenty-four hours a day even when they were technically off-duty.* Should Plaintiffs demonstrate that the Municipality of Cayey was instructing their guards to act contrary to the written regulations then the regulations would become superfluous. A municipality may not use the written regulations as an absolute defense especially when it is teaching the guards to violate those policies. Accordingly, the Court hereby **denies** the Municipality of Cayey's motion for summary judgment on the grounds that it is not liable as a matter of law because Officer Medina was violating regulations when he shot and killed Pedro Hernandez Torres.

After filing their respective motions for summary judgment, Plaintiffs filed an informative motion stating that they do not intend to call Officer Medina as a witness at trial. Plaintiffs report that they have spoken with Officer Medina's attorney and they have learned that Officer Medina is residing somewhere in the United States and will not be able to attend the trial. Plaintiffs indicate that they will rely on the stipulated facts and Officer Medina's sworn affidavit to prove that Medina's actions were negligent and reckless.

For the purposes of this summary judgment motion, Officer Medina's affidavit is admissible. However, Plaintiffs will be unable to introduce the affidavit into evidence should Officer Medina fail to appear as a witness at trial. For reasons irrelevant at this point in the litigation, Plaintiffs never named Officer Medina as a defendant in the case and never deposed him through the formal procedures of Federal Rule of Civil Procedure 30. Instead, Plaintiffs tracked down Officer Medina on January 22, 1997 and recorded his statements through a sworn affidavit.

If Officer Medina fails to appear at trial, as Plaintiffs have informed the Court, then the written assertions made by Officer Medina in his affidavit to prove the truth of what happened on September 14, 1995 are hearsay. They are statements, not made by a declarant testifying at trial, offered in evidence to prove the truth of the matter asserted. *See* Fed.R.Evid. 802; Fed.R.Evid. 801(c). Plaintiffs may attempt to argue that the statements are not hearsay pursuant to Federal Rule of Evidence 801(d)(2)(D) which states that "a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship," is not hearsay.[1] The argument would be that Medina made these statements as an agent of the Municipality of Cayey and, therefore, they are admissions as an admission of a party-opponent against the Municipality of Cayey.

■ However, although Officer Medina's statements clearly concern matters which took place within the scope of his employment as a municipal guard, they were not made during his employment with the Municipality of Cayey. Officer Medina stated unequivocally in his affidavit on January 22, 1997 that he was speaking as a "former

Municipal Guard of Cayey." Medina Aff., Dkt. No. 50, at 1.

The few published opinions discussing this point and the commentators agree with this interpretation of Rule 801(d)(2)(D)'s plain language. *See Walsh v. McCain Foods Ltd.,* 81 F.3d 722, 727 (7th Cir.1996) (ruling that the admissions of Roger J. Walsh could not be used against Walsh's co-owners of the corporation, Edward Boden and his son, because the admissions occurred nearly four years after Walsh ended his agency relationship with the Bodens); *Boren v. Sable,* 887 F.2d 1032, 1039 (10th Cir.1989) (affirming the exclusion of the statements made by an individual who was not an agent of the party-opponent at the time that the individual made the statements); *Blanchard v. Peoples Bank,* 844 F.2d 264, 267 n. 7 (5th Cir.1988) (finding that the statements of a former employee concerning the defendant Bank's policies were not admissible against the Bank because they were made while the employee was no longer working at the Bank); *United States v. Summers,* 598 F.2d 450, 459 (5th Cir.1979) (the district court erred in admitting statements made by the ex-agent of the party-opponent because the statements were made after the agency relationship terminated).

■ The commentators have explained that admissions by agents of party-opponents while *they are employed by the party* are not hearsay because they are trustworthy and reliable. Agents are unlikely to make statements which harm their employers or principals during their employment. In contrast, when the agency relationship ends, the agents are no longer inhibited by their relationship with the principal from making erroneous or underhanded comments which could harm the principal. These latter statements

---

1. The Court notes that on April 11, 1997 the Supreme Court submitted to Congress pursuant to 28 U.S.C. § 2072 (1997) an amendment to Federal Rule of Evidence 801(d)(2). Unless Congress indicates otherwise, the amendment shall take effect on December 1, 1997. 28 U.S.C. § 2074(a) (1997). The amendment adds the following language to Rule 801(d)(2): "The contents of the statement shall be considered but are not alone sufficient to establish the declarant's authority under subdivision (C), the agency or employment relationship and scope thereof under subdivision (D), or the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered under subdivision (E)." Proposed Fed.R.Evid. 801(d)(2) (WESTLAW 1997 U.S. Order 97–14). Because there is no controversy that Officer Medina's statements were made within the scope of his employment with the Municipality of Cayey, the proposed change would not have an effect on the Court's decision.

are unreliable and, therefore, considered hearsay and inadmissible at trial. *See generally* American Bar Association, *Emerging Problems Under the Federal Rules of Evidence* 206 (2d ed.1991); Charles E. Wagner, *Federal Rules of Evidence Case Law Commentary* 499–500 (1994).

**IT IS SO ORDERED.**