UNITED STATES of America,
Plaintiff–Appellee,

v.

Charles L. KASUBOSKI, individually and as Trustee of the Basic Bible Church of America; Mary Ann Kasuboski, individually and as Trustee of the Basic Bible Church of America; the Basic Bible Church of America; Matt Graf, Trustee of the Basic Bible Church of America; Shephard Life Science Church; and Order of Almighty God, Chapter No. 1014, Defendants–Appellants.

No. 87–1052.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 14, 1987.

Decided Nov. 25, 1987.

Rehearing and Rehearing En Banc
Denied Dec. 31, 1987.

Joseph W. Weigel, Weigel Law Firm, Milwaukee, Wis., for defendants-appellants.

Janet A. Bradley, Asst. Atty. Gen., Appellate Section, Tax Div., Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before FLAUM, EASTERBROOK, and KANNE, Circuit Judges.

FLAUM, Circuit Judge.

The United States commenced a civil action against defendants alleging that Charles Kasuboski had failed to pay his federal income tax. The government sought to have certain conveyances of property set aside and to foreclose its federal tax liens against these properties to satisfy its tax assessments against Kasuboski. In the course of the litigation the government served Kasuboski with a request for admissions pursuant to Rule 36 of the Federal Rules of Civil Procedure. Kasuboski failed to respond to the request for admissions and five months later the government moved for summary judgment. Kasuboski did not move to withdraw the admissions or timely resist the motion for summary judgment. The district court granted the government's motion for summary judgment. We affirm.

I.

On May 17, 1985, the United States filed a civil action against Charles L. Kasuboski and his wife, Mary Ann Kasuboski, individually and as trustees of the Basic Bible Church. The Basic Bible Church, Shephard Life Science Church, Order of Almighty God, Chapter No. 1014, and Matt Graf, another trustee of Basic Bible Church, were also named as defendants (collectively "the defendants"). The complaint alleged that certain properties were fraudulently transferred between Charles Kasuboski, Mary Ann Kasuboski, and the churches with which they were affiliated. The government claimed that these properties were transferred without consideration, were still effectively controlled by the Kasuboskis, and were still subject to federal tax liens which arose from assessments against Charles Kasuboski for $70,548.61 (as of September 1, 1983) in unpaid federal income taxes, interest, and penalties. The government sought to establish Charles' liability for this amount and to satisfy the liability by enforcing the federal tax liens against the transferred properties.

The United States commenced discovery in 1986. On March 25, 1986 the government deposed Charles Kasuboski. On May 29, 1986, interrogatories were served upon Charles Kasuboski, Mary Ann Kasuboski, and Matt Graf ("the May 29 interrogatories") and a request for admissions was served upon Charles. Additional depositions were taken in early June.

The scheduling order issued by the district court established a November 15, 1986 deadline for filing dispositive motions. As of that date, none of the defendants had filed answers to the May 29 interrogatories and Charles Kasuboski had not responded to the request for admissions. The government filed a motion for summary judgment on November 17.[1] The government's motion and the supporting documents were telexed to Milwaukee; consequently the motion was not signed. In addition, all but the first page of the copy of the May 29 interrogatories appended to the motion were missing. On November 20, 1986, the United States mailed complete, signed copies of its motion for summary judgment to

---

1. Although November 15, 1986 was the date specified in the scheduling order, this fell on a Saturday. Accordingly, the government properly filed its moving papers on the following Monday, November 17. *See* Federal Rule of Civil Procedure 6(a).

the district court and the defendants' attorney. The signed copies were received on November 24 and November 25 respectively.

In its motion for summary judgment the government asserted that Charles Kasuboski's failure to respond to the May 29, 1986 request for admissions constituted an admission of each matter for which an admission was sought, and under those admitted facts the government was entitled to judgment. The May 29, 1986 request asked Charles to admit: (1) that he was liable for the asserted federal income taxes and fraud penalties; (2) that he knew prior to taking his vow of poverty that such taxes were due and owing; (3) that the various transfers of real property left him insolvent; (4) that he had full use and benefit of the real property; and (5) that the transfers were sham conveyances without consideration.

On December 9, 1986 the district court granted the government's motion for summary judgment. *United States v. Kasuboski*, No. 85–C–755 (E.D.Wis. Dec. 9, 1986). The district court concluded that under Rule 36 of the Federal Rules of Civil Procedure, Charles Kasuboski's failure to respond constituted an admission of the requested information. It also found that "all statutory requirements ha[d] been met regarding the assessments and the liens and that the plaintiff ha[d] produced evidence of all the elements necessary to prove its claim." *Id.*, slip op. at 8.

On the same day the defendants filed a motion for an extension of time in which to respond to the motion for summary judgment. The district court denied this motion on December 15, 1986. The next day the defendants filed a motion for reconsideration of the grant of summary judgment.

On December 18 the defendants' response to the motion for summary judgment was mailed to the court. This was accompanied by a motion for relief from the court's order to avoid error or mistake pursuant to Rule 60 of the Federal Rules of Civil Procedure. These motions were also denied. Judgment was entered for the United States. The defendants appealed to this court raising a number of procedural issues.[2]

## II.

Defendants first argue that the motion for summary judgment filed by the United States on November 17, 1986 was defective because it was unsigned and all but the first page of the appended interrogatories were missing. Although an undisputedly complete motion for summary judgment was filed on November 24, 1986, the validity of the November 17 motion is relevant both to determine whether the government complied with the district court's scheduling order and to calculate the date on which the defendants' response to the motion was due. We find that any defect in the motion was not fatal.

Rule 11 of the Federal Rules of Civil Procedure provides that an unsigned motion shall be stricken "unless it is signed promptly after the omission is called to the attention of the movant." The United States recognized the defect and corrected it by mailing signed, complete copies to both the court and the defendants' attorney on November 20, 1986, three days later.

In cases such as this, which do not involve the issue of sanctions for filing an unfounded motion, the failure to sign will not cause a motion to be stricken unless the adverse party has been severely prejudiced or misled by the failure to sign.[3]

2. The defendants also argued that because their motion contesting the court's jurisdiction was never addressed, summary judgment was improperly granted. The district court, however, specifically and correctly held that it had subject matter jurisdiction. *United States v. Kasuboski*, No. 85–C–755, slip op. at 1 (E.D.Wis. Dec. 9, 1986). *See* 28 U.S.C. § 1340 & § 1345.

3. Rule 11 in part provides:

The signature of an attorney ... constitutes a certificate by the signer that the signer has read the ... motion ...; that to the best of his [or her] knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose....

5 Wright, Miller & Kane, Federal Practice and Procedure § 1334 (1987). The defendants do not argue on appeal that they were prejudiced by receiving the unsigned motion and the district court specifically found that no prejudice occurred. *United States v. Kasuboski*, No. 85–C–755 (E.D.Wis. Dec. 22, 1986) (order denying relief from order pursuant to Rule 60). The district court also found that the absence of all but the first page of the interrogatories did not prevent identification of the document and did not adversely affect the defendants. We hold that the government's motion filed on November 17, 1986 was valid.

### III.

■ The district court's decision to grant the government's motion for summary judgment was predicated on the facts deemed admitted by Kasuboski's failure to respond to the request for admissions. Rule 36(a) of the Federal Rules of Civil Procedure clearly provides that a party must answer each matter for which an admission is requested within 30 days or the matter is deemed admitted.[4] Charles Kasuboski never responded to the government's request.

### A.

On appeal, the defendants offer two explanations for Charles' failure to respond.

Fed.R.Civ.P. 11. In other words, by signing a motion, the attorney warrants that he or she has made reasonable inquiry and that the motion is not wholly unfounded. The attorney also assumes responsibility for any sanctions that arise against him or her for violations of Rule 11. In the context of this case, the concern addressed by this rule is not present, but more importantly, any deficiency was promptly corrected by the government.

4. Rule 36(a), in pertinent part, provides:

Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney, but, unless the court shortens the time, a defendant shall not be required to

First, they argue that a response was not necessary because the same questions raised in the request for admissions were asked and answered in the depositions that took place both before and after the date they received the request for admissions. The defendants misinterpret Rule 36. The use of an alternative form of discovery does not eliminate the requirement that a request for admissions be answered within 30 days. *See Mangan v. Broderick and Bascom Rope Co.*, 351 F.2d 24 (7th Cir. 1965) (unanswered requests are not abandoned by the subsequent filing of interrogatories addressed to the same subject). Although there may be some overlap in the information requested in the various forms of discovery, parties are not allowed to pick and choose when to respond based on their own determination of whether they have previously answered the questions presented. Kasuboski's participation in depositions does not excuse his failure to respond to the request for admissions.[5]

■ Second, defendants argue that the parties were close to settlement and that the cost and effort of answering the request for admissions and interrogatories would have been wasted if the parties settled as anticipated. Delaying a response pending a possible settlement may well have been a prudent course of action, but this is not a complete answer. It does not

serve answers or objections before the expiration of 45 days after service of the summons and complaint upon that defendant. If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder.
Fed.R.Civ.P. 36(a).

5. Defendants imply in their brief that the parties reached an agreement under which the interrogatories would not be answered because the answers were contained in the deposition testimony. Brief for Appellant at 19. At oral argument, however, defendants conceded that no formal agreement was reached.

explain why the defendants did not file with the district court a motion to toll the 30 day response period. In addition, the proper procedural vehicle through which to attempt to withdraw admissions made in these circumstances is a motion under Rule 36(b) to withdraw admissions.[6] No such motion was ever filed.

### B.

■ Admissions made under Rule 36, even default admissions, can serve as the factual predicate for summary judgment. *See Dukes v. South Carolina Ins. Co.,* 770 F.2d 545 (5th Cir.1985); *Donovan v. Carls Drug Co.,* 703 F.2d 650 (2nd Cir.1983). Rule 36(b) provides that a matter admitted is "conclusively established." Fed.R.Civ.P. 36(b). Summary judgment is provided for in Rule 56. Section (c) of Rule 56 states:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answer to interrogatories, and *admissions on file,* together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c) (emphasis added).

■ Defendants attempt to undo the effect of their default admissions by arguing that the affidavits accompanying their untimely filed response to the government's motion for summary judgment raise issues of material fact. This argument fails because a party cannot attack issues of fact established in admissions by resisting a motion for summary judgment. *See, e.g., Donovan,* 703 F.2d 650; *O'Bryant v. Allstate Ins. Co.,* 107 F.R.D. 45, 48 (D.Conn. 1985). Affidavits and depositions entered in opposition to summary judgment that attempt to establish issues of fact cannot refute default admissions.[7] This result is based on sound policy. Rule 36 allows parties to narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree. This function would be lost if parties were permitted to contest under Rule 56 a matter concluded under Rule 36. As the advisory committee observed, "[u]nless the party securing an admission can depend on its binding effect, he [or she] cannot safely avoid the expense of preparing to prove the very matters on which he [or she] has secured the admission, and the purpose of the rule is defeated." Fed.R.Civ.P. 36 advisory committee's note.

We recognize the potential harshness of this result. The failure to respond to admissions can effectively deprive a party of the opportunity to contest the merits of a case. This result, however, is necessary to insure the orderly disposition of cases; parties to a lawsuit must comply with the rules of procedure. In addition, the harshness is tempered by the availability of the motion to withdraw admissions, a procedure which the defendants did not employ.

### IV.

The defendants devote substantial effort to arguing that the district court miscalcu-

---

6. Rule 36(b) provides:

 Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provision of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits. Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against the party in any other proceeding.
 Fed.R.Civ.P. 36(b).

7. In *Szatanek v. McDonnell Douglas Corp.,* 109 F.R.D. 37 (W.D.N.Y.1985), the district court treated a party's resistance to a motion for summary judgment as an implicit motion to withdraw admissions under Rule 36(b). *Szatanek,* even if accepted as a proper construction of the law, does not assist the defendants here. First, the defendants did not file a timely resistance to the government's motion for summary judgment. *See infra,* part IV. In addition, Rule 36(b) allows withdrawal of admissions if certain conditions are met and the district court, in its discretion, permits the withdrawal. The district court clearly did not abuse its discretion in deciding that the admissions should not be deemed withdrawn based on the defendants' untimely resistance to the government's motion for summary judgment.

lated the date on which a response to the government's motion for summary judgment was due under Local Rule 6,[8] and incorrectly granted summary judgment before the time provided by the local rule elapsed.[9] We conclude that the defendants' application for an extension of time in which to respond to the motion for summary judgment was filed after the deadline set by the local rule.[10]

 Local Rule 6 allows parties 14 days "from the receipt of the motion" in which to respond.[11] The government mailed a copy of its motion for summary judgment to the defendants' attorney on November 17, 1986, the same day it filed the motion. The record does not state, and the defendants never indicated, when this copy was received. Rule 6(e) of the Federal Rules of Civil Procedure assumes a three day period for papers delivered through the mails. Using this assumption, defendants are deemed to have received the motion on November 20, 1986. They therefore had

until December 4 to respond under the local rules.[12] On December 9 the defendants filed an application for an extension of time in which to respond. The actual resistance to the government's motion was not mailed to the court until December 18. Local Rule 6 provides in part that "[t]he failure of a party to file a timely answering brief ... shall be deemed a waiver of the right to file it." Wisc.Ct.R. 6. The defendants, by failing to timely file a resistance or to receive an extension, waived their right to respond to the government's motion for summary judgment.

 The final argument raised by defendants is that the trial court abused its discretion in failing to grant an extension of time in which to respond. The application for an extension was not filed until after the actual response was due. Local Rule 6 states that "[o]n a showing of good cause, the court *may* extend the time for the filing of any brief." Wisc.Ct.R 6 (em-

---

**8.** Local Rule 6, § 6.01 of the District Court for the Eastern District of Wisconsin provides in part:

> Every motion filed shall set forth the rule pursuant to which the motion is made and shall be accompanied by (1) a supporting brief and, when necessary, an affidavit(s) or other documents, or (2) a certificate of counsel stating that he does not intend to file a brief or other supporting documents.
>
> If movant fails to comply with either (1) or (2) above, the court may deny the motion as a matter of course.
>
> Opposing party shall serve on movant and file with the court an answering brief, and when necessary, an affidavit(s) or other documents within fourteen (14) days from the receipt of the motion. The movant may serve and file a reply brief within ten (10) days from receipt of the answering brief. On a showing of good cause, the court may extend the time for the filing of any brief. The failure of a party to file a timely answering brief or reply brief shall be deemed a waiver of the right to file it.

**9.** The district court at one time mistakenly assumed that the defendants' response to the motion for summary judgment was due on December 1, 1986, not December 4. *United States v. Kasuboski*, No. 85–C–755, slip op. at 1 (E.D.Wis. Dec. 15, 1986) (order denying defendants' motion for extension of time within which to respond to plaintiff's motion for summary judgment). This order, however, was issued on December 15, well after the period in which to

respond had elapsed, and therefore did not prejudice the defendants.

**10.** We point out that since the government's motion for summary judgment was valid and issues of fact deemed admitted cannot be contested at the summary judgment stage, the only viable argument the defendants could raise in their resistance to summary judgment is to claim that the law applied to the admitted facts does not entitle the United States to judgment. The trial court expressly found that the "government ... produced evidence of all elements necessary to prove its claims." *United States v. Kasuboski*, No. 85–C–755, slip op. at 8 (E.D.Wis. Dec. 9, 1986). The defendants do not dispute this result on appeal.

**11.** Defendants argue that the 14 day period in which to respond allowed by Local Rule 6 conflicts with the 20 day period specified in Rule 56(a) of the Federal Rules of Civil Procedure. Rule 56(a), however, merely states that the plaintiff may move for summary judgment after the expiration of 20 days from the commencement of the suit or after service of such a motion from an adverse party. It says nothing about the time permitted to respond to a motion for summary judgment filed by the adverse party.

**12.** Even resolving all doubt in favor of the defendants by allowing 5 days for the mail and adjusting for the fact that the fourteenth day after the day of receipt fell on a Saturday, the defendants had until December 8 to respond.

phasis added). The defendants argued for an extension on the grounds that their counsel was involved in a wedding during the relevant period and the firm's paralegal had just purchased a new home. The district court found that these events were foreseeable and did not constitute good cause for excusing the late application for an extension. The district court did not abuse its discretion.

WE AFFIRM.