## CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and Howard McDougall, Trustee,

Central States, Southeast and Southwest Areas Health and Welfare Fund, and Howard McDougall, Trustee, Plaintiffs,

v.

GL & B LEASING CO., INC., a Missouri corporation, Defendant.

No. 93 C 6901.

United States District Court, N.D. Illinois, Eastern Division.

Jan. 31, 1995.

Albert M. Madden, Thomas M. Weithers, Robert A. Coco, Patrick J. Connor, Rosemont, IL, for plaintiffs.

GL & B Leasing Co., Inc., pro se.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund"), and Central States, Southeast and Southwest Areas Health and Welfare Fund ("Health and Welfare Fund"), and their trustee, Howard McDougall (collectively "the Funds"), brought this action against defendant, GL & B Leasing, Co., Inc. ("GL & B"), under the Employee Retirement Income Security Act of 1974 ("ERISA") for employer contributions allegedly owed to the Funds. Before this Court is plaintiffs' motion for summary judgment pursuant to FED.R.CIV.P. 56. For the reasons stated herein, plaintiffs' motion is granted.

## 218

### Facts

■ GL & B has not filed a memorandum of law in response to the Funds' motion for summary judgment nor has it filed a statement in response to the Funds' statement of uncontested facts, as required by Local General Rule 12(N). Accordingly, the following facts are deemed to be admitted. *Schulz v. Serfilco, Ltd.*, 965 F.2d 516, 519 (7th Cir. 1992); *Appley v. West*, 929 F.2d 1176, 1180 (7th Cir.1991).[1]

The Funds are multi-employer trust funds which receive contributions pursuant to collective bargaining agreements reached between various employers and local affiliates of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America ("IBT"). GL & B is a Missouri corporation engaged in the trucking business. From October 10, 1977 to September 30, 1993, GL & B was a signatory to a collective bargaining agreement with IBT Local Union Number 600. Under the agreement, GL & B agreed to make contributions to the Funds on behalf of covered employees, including truck drivers and dock workers.

During the period of October 3, 1977 through September 30, 1993, GL & B reported the work history of its employees with one exception. GL & B employed William Higgins ("Mr. Higgins") as a truck driver and/or dock worker during each week for the period of June 4, 1978 through July 10, 1982. Consequently, GL & B was obligated to report the work history of Mr. Higgins and to pay contributions on his behalf during this period. However, GL & B neglected to do so. The Funds did not know about Mr. Higgins' employment at GL & B from June 4, 1978 to July 10, 1982.

The contributions owed to the Pension Fund on behalf of Mr. Higgins total $9,330.00, and interest thereon through October 20, 1994 totals $12,303.16. The contributions owed to the Health and Welfare Fund on behalf of Mr. Higgins total $7369.00 and interest thereon through October 20, 1994 totals $10,863.89. In addition, GL & B owes

unpaid contributions to the Pension Fund for 1992 and 1993 totalling $16,235.36, and interest thereon through October 20, 1994 totals $1,669.67. GL & B also owes unpaid contributions to the Health and Welfare Fund for 1993 totalling $6,660.96, and interest thereon through October 20, 1994 totals $605.33. The entire amount owed to both Funds totals $65,037.37.

### Discussion

■ It is well settled that a party opposing summary judgment may not rely on the allegations of its pleadings. FED.R.CIV.P. 56(e); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir.1994). Rather, the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party. FED.R.CIV.P. 56(e). This requirement is more than a technicality; "if the non-movant does not come forward with evidence that would reasonably permit the finder of fact to find in [its] favor on a material question, then the court *must* enter summary judgment against [it]." *Waldridge v. American Hoechst Corp., supra*, 24 F.3d at 920 (citations omitted) (emphasis in original).

■ In the present case, GL & B has not only failed to produce evidence as required by FED.R.CIV.P. 56(e); it has failed to respond altogether. Since the facts as admitted establish that there are no genuine issues of material fact with respect to liability or damages, the Funds' motion for summary judgment must be granted. Accordingly, the Funds are entitled to summary judgment in the amount of $65,037.37.

ENTER ORDER.

---

1.  GL & B has also failed to respond to the Funds' Requests for Admissions. Accordingly, GL & B has admitted each of the facts set forth in the Requests. *See* FED.R.CIV.P. 36(a); *United States v. Kasuboski*, 834 F.2d 1345, 1349–50 (7th Cir. 1987); *John Mohr & Sons v. Apex Terminal Ware-* *houses, Inc.*, 422 F.2d 638, 642 (7th Cir.1970). These default admissions can serve as the factual predicate for summary judgment. *See United States v. Kasuboski, supra*, 834 F.2d at 1350 (citations omitted).