107 F.3d 874
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Willie T. WILLIAMS, Plaintiff-Appellant,
v.
David RIEGEL, Kenneth P. Dobucki, and Terry Pinkowski,
Defendants-Appellees.
 No. 96-1692.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 6, 1997.*
Decided Feb. 06, 1997.
 
 Before POSNER, Chief Judge, and KANNE and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Willie T. Williams, an Illinois state inmate, brought suit pursuant to 42 U.S.C. § 1983. He claimed that the defendants violated his Eighth Amendment and equal protection rights. The defendants moved to dismiss the case for failure to state a claim, Fed.R.Civ.P. 12(b)(6), and Williams made a motion for summary judgment. Fed.R.Civ.P. 56. The district judge denied the defendants' motion but sua sponte granted summary judgment for the defendants and denied Williams' motion for summary judgment. The court also denied Williams' motion for reconsideration. Williams then brought the present appeal. We affirm.
 
 
 2
 Following the filing of his complaint, Williams served the defendants with two sets of requests for admission of facts. The requests consisted of two separate documents, one consisting of seven paragraphs and the other consisting of 92 paragraphs, with each paragraph requesting a specific admission. The defendants never responded to these requests. After they had received the request for admission of facts, the defendants made a motion to dismiss the complaint for failure to state a claim. Fed.R.Civ.P. 12(b)(6). Williams responded to this motion and also filed his own motion for summary judgment. Williams then filed a motion to offer evidence pursuant to Federal Rule of Civil Procedure 56(c). Appended to the motion was a copy of the requests for admissions. Williams specified which paragraphs he wished to be deemed admitted as evidence in support of his summary judgment motion. In response, the defendants objected to the offer of admission, stating that they believed that the district court had stayed discovery pending its ruling on the parties' dispositive motions.
 
 
 3
 Following Williams' filing several additional pleadings, the district court issued the order that is the subject of the present appeal. The judge implicitly accepted the defendants' explanation that they believed discovery would be stayed pending the district court's ruling on the parties' motions. The court, therefore, held that the matters set forth in Williams' request for admissions would not be deemed admitted. The court then examined the merits of the case and, concluding that the defendants must prevail as a matter of law, granted summary judgment for the defendants and denied Williams' motion for summary judgment.
 
 
 4
 On appeal, Williams does not address the merits of either his Eighth Amendment or equal protection claims. He argues only that the district court should have accepted his offer of evidence based upon the defendants' failure to respond to his request for admission of facts. Fed.R.Civ.P. 36. We limit our discussion to this issue.
 
 
 5
 Federal Rule of Civil Procedure 36(a) provides that if a party makes a request for admissions and the other party does not respond within 30 days, then the matters at issue shall be deemed admitted. Walsh v. McCain Foods Ltd., 81 F.3d 722, 726 (7th Cir.1996). Such default admissions "can serve as the factual predicate for summary judgment." United States v. Kasuboski, 834 F.2d 1345, 1350 (7th Cir.1987). The district court, however, may allow a party to withdraw an admission, whether the party made an actual admission or, as in the instant case, the party made an admission by default. Fed.R.Civ.P. 36(b). The court may do so "when presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Id.
 
 
 6
 In the present case, we conclude that although the defendants and the district court did not cite Rule 36(b), the defendants' objection to Williams' offer of evidence, (R.28), and the district court's agreement with the defendants' position, amounted to the court's granting a request to withdraw admissions. We review a district court's rulings regarding discovery for an abuse of discretion. Giles v. United Airlines, 95 F.3d 492, 495 (7th Cir.1995). We find no abuse of discretion in the present case. The district court had before it motions by each party seeking to dispose of the case prior to trial. The court concluded that it could reach this result without consideration of Williams' request for admissions and the defendants' answers (or lack of answers). Under these circumstances, it would not be unreasonable for the court to have stayed discovery pending ruling upon the dispositive motions. As the district court stated in its order, it would have been prudent for the defendants to file a motion requesting that discovery be stayed pending the district court's ruling on their motion. Nevertheless, the court's decision to effectively allow the defendants to withdraw their admissions subserved the merits of the case and did not prejudice Williams. See Fed.R.Civ.P. 36(b); Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir.1995). Therefore, we reject Williams' claim that the facts he requested should have been deemed admitted by default.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)