953 P.2d 641

Steven A. **DELOGE**, Plaintiff–Appellant,

v.

Federico Manuel **CORTEZ**, Defendant–Respondent.

No. 23425.

Court of Appeals of Idaho.

March 5, 1998.

Clayton G. Andersen, Coeur d'Alene, for plaintiff-appellant.

Ramsden & Lyons, Coeur d'Alene, for defendant-respondent. Marc A. Lyons argued.

SCHWARTZMAN, Judge.

Steven Deloge appeals from the district court's decision granting Federico Cortez's motion for summary judgment. The trial court ruled that Deloge's admissions were dispositive of the motion and his cause of action.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 5, 1993, Cortez and Deloge's wife were involved in a minor car accident in a parking lot. According to Deloge's wife, after the accident Cortez came up to her car and was extremely vituperative and verbally abusive. Later that day Deloge went with a friend over to Cortez's house where the two initiated physical combat with Cortez. During the fight Cortez allegedly bit off a part of Deloge's ear.

On December 29, 1994, Deloge filed his complaint for damages alleging that Cortez "had physical contact" with Deloge, causing Deloge physical injury, disfigurement, medical expenses and other damages. Cortez's answer admitted that there was physical contact, but set up the affirmative defenses of contributory negligence, assumption of the risk, self-defense and consent.

On June 7, 1995, Cortez served Deloge with requests for production of documents, interrogatories, and, most importantly, requests for admissions. The requests for admissions sought, *inter alia,* the following:

***REQUEST FOR ADMISSION NO. 4:*** Admit that at the time of the incident alleged in the Complaint, you came onto the Cortez residence with purpose [sic] of confronting Federico Cortez.

***REQUEST FOR ADMISSION NO. 5:*** Admit that you were not invited onto the Cortez property.

***REQUEST FOR ADMISSION NO. 6:*** Admit that prior to the physical confrontation you were asked to leave the Cortez property.

***REQUEST FOR ADMISSION NO. 7:*** Admit that you initiated the physical confrontation between yourself and Federico Cortez.

***REQUEST FOR ADMISSION NO. 8:*** Admit that you came onto the Cortez property with the intent of assaulting and battering Mr. Cortez.

***REQUEST FOR ADMISSION NO. 9:*** Admit that when you attempted the assault and

battery of Mr. Cortez, his response was to use reasonable force in self-defense.

Deloge's attorney requested an extension of time within which to respond to the discovery requests, and opposing counsel agreed to extend the time of response to July 7, 1995. Deloge later made a second request for an extension, which Cortez also granted. This extension resulted in the setting of a July 31, 1995, deadline for the responses. Deloge requested no further extensions, but inexplicably did not serve his responses until February 25, 1996, a total of six months and twenty-five days after the deadline.

Cortez filed a motion for summary judgment on April 17, 1996, based upon the fact that the requests for admissions should be deemed admitted under Idaho Rule of Civil Procedure 36(a). Deloge opposed the motion with (1) an affidavit which stated that at some point during the altercation he [Deloge] told Cortez he had had enough, but instead of letting him up, Cortez began biting his ear off; (2) uncertified photocopies of police reports of the incident, (3) reports of police interviews with the parties and a witness, and (4) an order of the Industrial Commission awarding Deloge medical treatment expenses for his injury under the Victims Compensation Act.

## II. ANALYSIS

### A. The District Court's Decision to Deem the Requests for Admissions Admitted

Deloge does not allege that the district court erred in deeming Cortez's requests for admissions admitted. Idaho Rule of Civil Procedure 36(a) provides, in relevant part:

A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b). . . .

Each matter of which an admission is requested shall be separately set forth. The matter is deemed admitted unless, 15 days after service of the request, or within such sorter or longer terms as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed under oath by the party or the party's attorney. . . .

I.R.C.P. 36(a). Here, after two requested extensions had come and gone, nearly seven more months passed before Deloge's response was served. No further extension was sought in the district court, nor did counsel move for withdrawal or amendment of the admissions pursuant to I.R.C.P. 36(b).[1] The only act by counsel in attempted mitigation was his May 1, 1996, motion to extend time to allow the late filing of Deloge's affidavit.

Additionally, there was no explanation for the failure to timely respond, nor is there any doubt that Deloge's counsel knew of Rule 36(a)'s provision for admission of the matters requested in the event of a failure to timely respond.[2] Thus, the district court did not err in deeming these admissions admitted by failure to timely respond.

### B. Deloge's Admissions Are Dispositive Of the Summary Judgment Motion And Of Deloge's Cause Of Action

In his complaint, Deloge alleged he suffered physical injuries as a result of Cortez's actions. However, Cortez asserted the defense of self-defense, and argued for summary judgment based upon Deloge's admissions. The admissions establish, without fac-

---

1. Idaho Rule of Civil Procedure 36(b) provides: Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Rule 16 governing amendment of a pre-trial order, the court *may permit withdrawal or amendment* when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prej-

udice that party in maintaining an action or defense on the merits.
I.R.C.P. 36(b) (1998) (emphasis added).

2. As part of some March 7, 1996, requests for admissions sent by Deloge to Cortez, counsel included the customary warning provision which advises that if Cortez fails to timely reply, "each of these matters of which an admission is requested shall be deemed admitted."

tual contradiction, that Deloge came onto Cortez's property with the intent of assaulting and battering Cortez, and did initiate and engage Cortez in a physical confrontation.

Unfortunately for Deloge, by failing to make a timely denial, he has also admitted that when he attempted to assault and batter Cortez, Cortez's *response* was to "use reasonable force in self-defense." Nevertheless, Deloge hinges his position on a semantic argument that because the word "response" was used in the admission, rather than the word "act," the admission does not conclusively end the inquiry as to whether reasonable self-defense was used throughout the *entire* confrontation. That is, Deloge would have us interpret the admission as follows: When initially attacked by Deloge, Cortez responded with reasonable self-defense, but then after the initial attack was over, the combat continued, and Cortez then bit Deloge's ear. Thus, the biting was not in response to anything that Deloge did and Cortez did not act in self-defense.

■ We decline to adopt such a tortured interpretation of the admissions. The interpretation urged by Deloge is especially implausible when the admissions are viewed as a whole. Admission No. 4 reads: "Admit that at the time of the incident alleged in the Complaint, you came onto the Cortez residence with purpose of confronting Federico Cortez." The incident alleged in the complaint was the injuries sustained by Deloge, particularly the injury to his left ear. Therefore, when Deloge's admission that Cortez used reasonable force in self-defense is read in light of admission No. 4, it becomes clear that Cortez's "response" included any and all physical reactions by Cortez, not just Cortez's *very first* reaction. "When there is a dispute as to the meaning of an admission, we will not contort the plain wording of the

admission to favor either party's interpretation." *Airco Indus. Gases, Inc. v. Teamster's Welfare Pension Fund,* 850 F.2d 1028, 1036 (3rd Cir.1988). The admissions here cannot fairly be. construed as urged by Deloge; under Rule 36(b) they are "conclusively established," and not open to an agonizingly implausible interpretation. The conclusiveness of matters admitted pursuant to Rule 36(b) applies equally to admissions made affirmatively and those made by default. *Quiring v. Quiring,* 130 Idaho 560, 944 P.2d 695 (1997), *citing, American Auto. Ass'n v. AAA Legal Clinic,* 930 F.2d 1117, 1120 (5th Cir.1991).

■ Deloge also filed an affidavit on May 14, 1996, which directly contradicted his admissions. However, we agree with the district court that to permit this untimely affidavit "to create a question of fact would be the functional equivalent of writing Rule 36 out of existence." A party cannot controvert by affidavit facts which have been "conclusively admitted" under Rule 36 and avoid summary judgment unless the district court permits withdrawal or amendment of an admission. *See, e.g., Quiring,* 130 Idaho at 564, 944 P.2d at 699 ("An admission that is not withdrawn or amended cannot be rebutted by contrary testimony or ignored by the district court simply because it finds the evidence presented by the party against whom the admission operates more credible."); *see also 999 v. C.I.T. Corp.,* 776 F.2d 866, 869–70 (9th Cir. 1985) ("Evidence inconsistent with a Rule 36 admission is properly excluded."); *United States v. Kasuboski,* 834 F.2d 1345, 1350 (7th Cir.1987).[3]

· ■ As noted earlier, however, Deloge never made a request, pursuant to I.R.C.P.

**3.** In *Kasuboski,* the defendants attempted to undo the effect of their default admissions by arguing that certain affidavits which they filed in response to the plaintiff's motion for summary judgment raised issues of material fact. The court stated: "This argument fails because a party cannot attack issues of fact established in admissions by resisting a motion for summary judgment. Affidavits and depositions entered in opposition to summary judgment that attempt to establish issues of fact cannot refute default ad-

missions." 834 F.2d at 1350 (citations omitted). The court went on to discuss the policy underlying its holding, noting that the function of Rule 36 would be lost if matters admitted under it could be contested through a summary judgment proceeding. *Id; see also, Chicago Dist. Council of Carpenters Pension Fund v. P.M.Q.T., Inc.,* 169 F.R.D. 336, 341 (N.D.Ill.1996) (following *Kasuboski* by refusing to allow defendants to undo the effect of their default admissions through contradictory depositions and affidavits).

36(b), to withdraw or amend his admissions.[4] When queried at oral argument as to why a Rule 36(b) motion was not put forth, Deloge's counsel responded that he felt the district court would interpret admission No. 9 in such a way that the claim could nonetheless proceed, in spite of the admission. *See, generally, Kasuboski,* 834 F.2d at 1350 (noting that while default admissions made under Rule 36 can serve as the factual predicate for summary judgment, "the harshness is tempered by the availability of the motion to withdraw admissions.").

■ The district court was also correct in refusing to consider the uncertified photocopies of (1) police reports, (2) reports of police interviews, and (3) the order of the Industrial Commission. Cortez objected to the admissibility of these materials, noting the absence of any certification or authentication, as well as the hearsay nature of certain portions.

Accordingly, since the record conclusively establishes that Cortez's response to Deloge's attack was to use reasonable force in self-defense, there is no dispute as to the dispositive material facts at issue, and Cortez was entitled to summary judgment as a matter of law.

The district court's summary judgment order is, therefore, affirmed.

LANSING, C.J., and PERRY, J., concur.

---

4. Whether to permit withdrawal or amendment of an admission is a matter committed to the discretion of the trial court. Before an admission may be amended or withdrawn pursuant to 36(b) two elements must be met: (1) presentation of the merits must be promoted, and (2) the party who obtained the admission must not be prejudiced by the withdrawal. *Quiring,* 130 Idaho at 564, 944 P.2d at 699.