ORDER DENYING MOTIONS TO DISMISS; ORDER GRANTING LEAVE TO CORRECT DEFECTS
KATHARINE ENGLISH, Chief Judge.
Each of the four cases before the Court involves an appeal under the Enrollment Ordinance, Tribal Code § 4.10(d)(4)(H), from an adverse decision of the Enrollment Committee. In each instance, the Tribe has filed an answer to the petition for judicial review including the “affirmative defense” that the named petitioner is, at least in some respect, not “the real party in interest.” As explained below, the court concludes that the cases are properly before the court.
Section 4.10 of the Tribe’s Enrollment Ordinance states that “[a]n applicant aggrieved by an enrollment decision * * * has the right to appeal the determination of the Committee or Council to the Tribal Court[.]” The Court finds that an appeal regarding the denial of enrollment applica *125 tions was filed for Nathan Gonzales, Michael Creed, Cody, Casey, Shannon and Crystal Holder, Sterling David Stoebel, Rhonda Lasiter, and Regina Ellingson, the aggrieved applicants. The names of the aggrieved applicants were properly pled on the petitions, the petitions contain facts regarding the applicants enrollment denials, and the petitions were timely filed, therefore meeting the requirement of section (d)(4)(H) of the Enrollment Ordinance. The petition documents themselves are defective in that the improper person has signed the documents. The Court finds that such defect is a curable defect and not one that precludes jurisdiction.
This opinion will examine each case separately.
Gonzales:
In this case, Nathan’s mother, Loni Har-alson, filed the enrollment application on his behalf. Nathan is a minor, having been born on September 4, 1994. The Enrollment Ordinance section (d)(3), provides that:
Any person who believes he or she meets the requirements for membership in the Tribe may submit an application for enrollment to the enrollment staff. Applications for minor children under the age of eighteen (18) and incompetents may be filed by a, parent, next of kin, recognized guardian, other person responsible for their care, or a, member of the Council.
(Emphasis added). The Enrollment Committee denied the application, concluding that Nathan’s
22 “total blood quantum of 7/128 does not meet the minimum of 1/16.”
Nathan’s grandmother, Ellen Har-alson, then timely filed a petition for judicial review on his behalf. In its answer, the Tribe alleges in an affirmative defense that she is not “the real party in interest” because she is Nathan’s grandmother and “does not hold guardianship or any other fiduciary relationship.” In its pretrial brief, the Tribe argues that the phrase “other person responsible for [a minor’s] care,” as used in the enrollment ordinance, must be read to refer “to someone who is held legally accountable for the care of a minor; i.e., can be held responsible if care is not provided.” The Tribe also argues that Nathan’s grandmother lacks “standing,” that absent such standing the Court lacks jurisdiction, and that, therefore, any amendment of the petition cannot relate back to the original date of filing under FRCP 17.
The Tribe’s argument regarding the meaning of the phrase “other person responsible for [a minor’s] care” has considerable force. The Court concludes, however, that the issue before the court can be resolved without construing that phrase.[1] Assuming, without deciding, that Nathan’s grandmother is not a person responsible for his care within the meaning of the Ordinance, upon proper motion the petition can nevertheless be amended and that amendment can relate back.
As noted, the Tribe argues that Nathan’s grandmother lacks “standing” and that, absent such standing, the Court lacks jurisdiction. Standing is a “judgemade doctrine” applied “[i]n the realm of public law, when governmental action is attacked on the ground that it violates private rights or some constitutional principle!.]” 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1542 at 329 (2d ed 1990). Here, a party with standing is before the *126 Court. That party is Nathan. Under the Ordinance, he is the applicant, although someone else files the application on his behalf, he is “aggrieved” by the committee’s decision, and he unmistakably has a personal stake in the outcome sufficient to amount to standing. Because a person with standing is before the Court, the Court has jurisdiction.
The fact that the wrong person filed the petition on Nathan’s behalf and signed it can be seen either as a failure to have included the correct real party in interest, as the Tribe suggests in its affirmative defense, or as an issue of capacity. See Glickstein v. Sun Bank/Miami, N.A., 922 F.2d 666, 668-70 (11th Cir.1991) (failure to bring suit in name of “actual” personal representative is a matter of capacity, not of standing; “[t]he capacity doctrine relates to the issue of ‘a party’s personal right to litigate in a federal court”), quoting 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1542 at 327. See also 6A Federal Practice and, Procedure § 1542 at 327-28 (“it is possible to be the real party in interest and yet lack capacity to sue because the person has become mentally incompetent or is an infant”), and at 328-31 (noting occasional judicial confusion regarding the concepts of real party in interest and capacity and the complexity of the subject).
Ultimately, here it is immaterial whether the defect is one involving real party in interest or capacity. In either1 event, the defect is curable. If the problem is, in fact, one of naming the wrong real party in interest, then FRCP 17(a) provides the answer. That rule provides that:
[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.
At least when the failure to name the correct real party in interest is based on an “honest mistake,” as appears to be the case here, Rule 17(a) can be “used in conjunction with” FRCP (c) “to enable an amendment substituting the real party in interest to relate back to the time the original action was filed.” 6A Federal Practice and Procedure § 1555at 414 (footnote and case citations omitted).[2] Moreover, “[t]he same result could have been reached solely on the basis of the last sentence in Rule 17(a).” Id.
On the other hand, if the issue is instead one of capacity, then capacity need not be pleaded in any event, FRCP 9(a),[3] and an amendment of the petition should relate back. Glickstein, 922 F.2d at 671. See also Crowder v. Gordons Transpods, Inc., 387 F.2d 413, 416 (8th Cir.1967) (amendment by mother of minor children substituting herself as mother and next friend of children for herself as administratrix of estate of late husband relates back to filing of complaint under FRCP 15(c)).[4]
*127 In sum, because in either event the pleading defect is not a jurisdictional one, but is instead one that can be corrected on motion and in which the correction will relate back, the Court will not dismiss the petition at this time. The Court, however, may revisit the issue if Nathan’s mother, or someone else with authority to act on his behalf under the Ordinance, does not, within a reasonable amount of time, file a motion to substitute herself for Nathan’s grandmother or file an amended petition signed by the mother.
Creed:
Darlene Creed signed and filed a petition for judicial review on behalf of her children Michael, Amanda, and Emily. Emily and Amanda are minors. In its answer to the petition, the Tribe asserts that Darlene is not the real party in interest with the right to file a petition “on behalf of Michael Creed,” who is an adult. Even if this contention were otheiwise persuasive, Michael in fact wrote and signed an attachment to the petition. The attachment is part of the whole of the petition and Michael’s signature upon it is deemed to be a signature on the Petition as a whole. Holder case:
Pinky Holder Jr., and Cody, Casey, Shannon, and Crystal Holder all filed applications for enrollment, all of which were denied. Pinky Holder Jr. then filed a petition for judicial review on behalf of himself and Cody, Casey, Shannon and Crystal. Only Pinky Holder Jr. signed the petition. Pinky Holder Jr. is the father of Cody, Casey, Shannon and Crystal, all of whom are adults. In its answer, the Tribe alleges that Pinky Holder Jr. is not the “real party in interest” because his children are all “competent adults who filed applications for enrollment on their own accord and who must bring an appeal of such actions in their own names.” In its pretrial brief, the Tribe argues that because of the defective pleading the Court lacks jurisdiction. The Tribe suggests that the petition was “filed by a party without standing.”
That assertion is incorrect. Pinky Holder Jr. filed the petition on behalf of himself, as well as on behalf of his children. He applied for enrollment and his application was denied. Clearly, he has the right to petition for judicial review of that decision.[5] Thus, the petition was filed by a person with standing and the Court therefore has jurisdiction over the petition. The petition was not signed by Cody, Casey, Shannon or Crystal, but that defect can be remedied. Although FRCP 11(a) requires that all pleadings be signed by unrepresented parties,[6] “[i]n the absence of prejudice the court can treat the defect as technical and should grant leave to correct a failure to sign[.]” 5A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1333 at 47. See also United States v. Kasuboski, 834 F.2d 1345, 1348 (7th Cir.1987). Therefore, if one is filed, the Court will entertain a motion to correct the Holder petition and to substitute one signed by the Holder children. If the Tribe has any claim of prejudice, it may present that claim if, and when, such a motion is filed.
Stroebel:
The one remaining petition before the Court was signed and filed by Daniel S, *128 Stroebel, who filed it on behalf of Sterling David Stroebel, Daniel’s adult son, Rhonda Renae Lasiter, Daniel Stroebel’s niece, and Rejina Deanne Ellingson, also his niece. Rhonda Lasiter is an adult and Regina Ellingson, is a minor. The Tribe argues that no person with standing filed this petition and that the Court, therefore, lacks jurisdiction.
As stated elsewhere in this opinion, the Ordinance provides that “an applicant aggrieved by an enrollment decision * * * has the right to appeal the determination of the Committee or Council to the Tribal Court [.]” Sec. 4.10(d)(4)(H). Sterling David Stroebel, Rhonda Renae Lasiter, and Rejina Deanne Ellingson applied for enrollment and their applications were denied. They are persons with standing to appeal for review. Their names are before the Court, and the circumstances of their cases, and their bases for appeal, are stated within the petitions filed. The defect in the filing is that the petition was signed by someone other than those appellants. There is no apparent harm or prejudice that will inure as a result of correction of the defect.
The Court will therefore grant leave in this case for the defect to be corrected by propel signing.
IT IS HEREBY ORDERED:
1. The Motions to Dismiss are denied.
2. Nathan Gonzales’s mother, or other person with authority to act on his behalf under the Enrollment Ordinance, shall have 30 days to file a signed and notarized letter requesting the Court to amend the Petition. The letter shall be deemed a Motion to Amend the Petition.
3. Cody Holder, Casey Holder, Shannon Holder, and Crystal Holder shall have 30 days to file a signed and notarized letter requesting to amend the Petition. The letter shall be deemed a Motion to Amend the Petition.
4. Sterling David Stroebel, and Rhonda Lasiter, shall have 30 days to each on his or her own behalf file a signed and notarized letter requesting to amend the Petition. The letter shall be deemed a Motion to Amend the Petition.
5. Regina’s mother, or other person with authority to act on her behalf under the Enrollment Ordinance shall have 30 days to file a signed and notarized letter requesting to amend the Petition. The letter shall be deemed a Motion to Amend the Petition.

. For that reason, the Court need not respond to the Amicus’ rather intriguing suggestion that the Court solicit the assistance of Tribal Elders in construing the language of the Ordinance in light of Tribal custom, history and practice.

.FRCP 15(c) provides that "[a]n amendment of a pleading relates back to the date of the original pleading when the amendment merely changes a party or the naming of a party and there is no prejudice to the opposing party.”

. RCP 9(a) provides that: “It is not necessary to aver the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity!.]”

. Although FRCP 15(c) does not expressly address the substitution of plaintiffs, the same principles that govern substitution of defen *127 dants under the rule should apply. Glickstein, 922 F.2d at 671, citing advisory committee note to 1966 amendments to FRCP 15(c).

. The Ordinance provides that "[a]n applicant aggrieved by an enrollment decision* * * has the right to appeal the determination of the Committee or Council to the Tribal Courtf.]” Section 4. 10(d)(4)(H).

. The Tribe cites that rule in its answer.