**Kerry R. NELSON, Plaintiff–Appellant,**

v.

**WAL–MART, INC. and Claims Management, Inc. Defendants–Appellees.**

No. 02–2125.

United States Court of Appeals, Seventh Circuit.

Submitted April 1, 2003.*

Decided April 16, 2003.

Before FAIRCHILD, BAUER, and KANNE, Circuit Judges.

### ORDER

In July 2001 Kerry Nelson filed this action *pro se* to collect damages for injuries he suffered after he allegedly fell over a metal merchandise rack in a Wal–Mart store. In March 2002 the district court granted summary judgment in favor of the defendants, Wal–Mart, Inc. and Claims Management, Inc. The court reasoned that Nelson could not recover under Wisconsin law, *see Peters v. Menard,* 224 Wis.2d 174, 589 N.W.2d 395, 407 (1999), because he had admitted to being more than 51% at fault for the accident. Nelson now appeals, and we affirm.

As a preliminary matter, to ensure that we have jurisdiction over this case we ordered supplemental briefing from the parties. Apparently attempting to establish diversity jurisdiction, 28 U.S.C. 1332(a)(1), Nelson responded that he has been a resident of Wisconsin since birth. It is citizenship, not residency, that matters for purposes of establishing diversity

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

jurisdiction. *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002). Because Nelson said that he has resided in Wisconsin for his entire life, however, we infer that he was present there and intended to remain there when he filed his complaint. Those facts make Wisconsin his domicile and also his state of citizenship. *See Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir.1996). Further, there are two defendants in this case, Wal–Mart, Inc. and Claims Management, Inc. Both companies responded that they are incorporated in Delaware and have their principal places of business in Arkansas. Because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, our jurisdiction is secure under 28 U.S.C. § 1332(a)(1).

Nelson's suit against Wal–Mart and Claims Management stems from injuries he suffered after he fell while shopping in a Wal–Mart store. Nelson alleges that while he was walking down an aisle in a Wal–Mart store in Onalaska, Wisconsin, a metal rack fell in front of him and he tripped and fell on top of it. Nelson alleges that he suffered injuries as a result of this fall, including physical injuries and mental impairments that interfered with his work as a university professor. Nelson claims that he sought compensation from Wal–Mart, but the company referred him to Claims Management. Nelson further alleges that his unsuccessful attempts to collect from Claims Management caused him further emotional suffering. He ultimately became frustrated with the claims process and filed this action.

During discovery the defendants sent Nelson a request for admissions with 39 separately numbered requests. All but three asked Nelson to admit to his involvement (usually as a defendant) in other state-court lawsuits. Three requested Nelson to admit to facts that would inevi-tably doom his claim against the defendants, including one that stated: "Admit that Kerry R. Nelson was more than 51% at fault for the accident at issue." After Nelson failed to respond, Wal–Mart and Claims Management filed a motion for summary judgment. Nelson did not file a response to the summary judgment motion. The district court then granted Wal–Mart's motion, concluding that Nelson had admitted to being 51% at fault for the accident by failing to respond to the request for admissions, *see* Fed.R.Civ.P. 36(a), and that his greater comparative fault barred him from collecting any damages under Wisconsin law, *see Peters*, 589 N.W.2d at 407.

On appeal Nelson has filed a brief that arguably does not satisfy the requirements of Federal Rule of Appellate Procedure 28(a)(9). He has not presented a clear argument that takes issue with the district court's judgment. He has also failed to provide citations to the record or to relevant authority to support his assertions of error. We have dismissed *pro se* litigants' appeals for similar deficiencies. *See, e.g., Anderson v. Hardman*, 241 F.3d 544, 545–46 (7th Cir.2001). Nevertheless, we have considered the arguments that we can discern from Nelson's brief and have found no reversible error.

■ Nelson first argues that he never admitted to being primarily at fault for his accident. But because he failed to respond to the defendants' requests to admit, the district court deemed that he had admitted the matters listed in the requests, including that he was more than 51% responsible for his accident. Federal Rule of Civil Procedure 36(a) states that if a party fails to respond to a request for an admission within 30 days, the matter is deemed to be admitted. Fed.R.Civ.P. 36(a); *Laborers' Pension Fund v. Blackmore Sewer Constr., Inc.*, 298 F.3d 600, 605 (7th Cir. 2002); *United States v. Kasuboski*, 834

F.2d 1345, 1350 (7th Cir.1987). It further provides that any matter deemed admitted is conclusively established, "unless the court on motion permits withdrawal or amendment of the admission." Fed. R.Civ.P. 36(b). Withdrawal or amendment may be appropriate if "the presentation of the merits of the action will be subserved thereby," and if it will not prejudice the party who obtained the admission. *Id.* Had Nelson filed a motion to withdraw or amend his admission, he might have persuaded the district court to grant him relief. But Nelson did not file a motion to withdraw or amend his admissions, so Rule 36(b) required the district court, and now requires us to consider the matter conclusively established. *Kasuboski,* 834 F.2d at 1350. Nelson offers no reason on appeal why we should grant him relief from the district court's application of Rule 36.

█ Nelson also argues that summary judgment was inappropriate in light of the extensive evidence he had gathered to support his claim. But he never defended against the summary judgment in the district court, and he has not explained on appeal why he failed to respond to the motion. The record contains a document that explains the procedures for responding to a motion for summary judgment. We do not reach the question of whether this document complies with *Lewis v. Faulkner,* 689 F.2d 100, 102 (7th Cir.1982), because Nelson has not argued that it was inadequate. So, Nelson should have presented his evidence to the district court first, and by failing to do so, he has waived the argument on appeal. *Sanders v. Vill. of Dixmoor,* 178 F.3d 869, 870 (7th Cir. 1999).

Accordingly, the judgment of the district court is AFFIRMED.