UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted December 7, 2006[*]
Decided December 8, 2006

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-2273

| | |
|---|---|
| MICHAEL J. SISSOM,<br>    *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Indiana, Lafayette Division |
| *v.* | |
| | No. 4:04-CV-00072-AS-PRC |
| PURDUE UNIVERSITY,<br>    *Defendant-Appellee*. | Allen Sharp,<br>*Judge.* |

**O R D E R**

Michael Sissom filed this *pro se* lawsuit claiming that Purdue University violated the Americans with Disabilities Act of 1990 by terminating his employment.  The district court granted summary judgment for Purdue, reasoning in part that the Eleventh Amendment barred the suit.  We affirm.

---

[*]  After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

Sissom worked as a Customer Service Specialist in the Information Technology Department for Purdue's libraries from September 2001 to September 2003. On August 11, 2003, he sent an e-mail to his supervisors and co-workers complaining that he was struggling with personal issues and that the work environment—in particular, "unprofessional personal attacks"—was compounding the stress in his life. He described the e-mail as a "warning" and vowed to file a formal complaint with the university unless the "necessary change" took place.

The next day a supervisor told Sissom that his job duties no longer would include troubleshooting customer problems. Then in early September he was given a memorandum setting forth performance expectations for attendance, general job functions, and customer service. He and his supervisors met on September 8 to discuss the memorandum. During the meeting Sissom acknowledged that he could meet all of the expectations, but he refused to sign the memorandum. He also revealed that he had surreptitiously recorded the meeting.

Sissom was fired on September 11, 2003. His termination letter cited as reasons his poor attendance, his failure to commit to the performance expectations set out in the memorandum, his secret recording of the September 8 meeting, and his e-mail of August 11—which some of his co-workers had found threatening. In February 2004, almost five months later, Sissom filed a charge with a university administrator alleging that his termination was an act of discrimination. Purdue dismissed the charge as untimely because university policy requires that allegations of discrimination or harassment be submitted within 120 days of the alleged incident. Sissom unsuccessfully appealed that ruling to the university president.

Sissom then filed this suit under Title I of the ADA, which generally prohibits employment discrimination on the basis of a disability. *See* 42 U.S.C. §§ 12111-12117. Sissom, who named the university as the sole defendant, maintains that he was fired because of his e-mail, which he characterizes as a request for a reasonable accommodation of a disability (he suffers from depression and anxiety). The district court held that Sissom's employment claim was barred by the Eleventh Amendment. The court also concluded, in the alternative, that Purdue was entitled to summary judgment on the merits. Our review is de novo. *Davis v. G.N. Mortgage Corp.*, 396 F.3d 869, 877 (7th Cir. 2005).

On appeal Sissom does not dispute the district court's conclusion that as a state entity, *see Keri v. Bd. of Trs. of Purdue Univ.*, 458 F.3d 620, 641 (7th Cir. 2006); *Kashani v. Purdue Univ.*, 813 F.2d 843, 844 (7th Cir. 1987), Purdue is

shielded by the Eleventh Amendment from suits in federal court for damages[1] under Title I of the ADA, *see Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001); *Toeller v. Wis. Dep't of Corrs.,* 461 F.3d 871, 872-73 (7th Cir. 2006). The district court's conclusion is sound, and is enough to dispose of Sissom's claim under Title I.

Sissom argues, however, that the district court should have analyzed his lawsuit under Title II of the ADA, which prohibits discrimination on the basis of a disability in the "services, programs, or activities of a public entity." *See* 42 U.S.C. §§ 12131-12134. But Sissom captioned his complaint as one for "employment discrimination," and in the district court he never asserted that he intended to bring a claim under Title II, not even when Purdue expressed the view at summary judgement that his complaint was limited to Title I. New claims cannot be raised for the first time on appeal. *See Russell v. Harms,* 397 F.3d 458, 465-66 (7th Cir. 2005); *Sanders v. Village of Dixmoor*, 178 F.3d 869, 870 (7th Cir. 1999). In any event, Sissom does not tell us how terminating his employment could have violated Title II, and so any argument he might have is waived. *See Blise v. Antaramian*, 409 F.3d 861, 866 n.3 (7th Cir. 2005).

Sissom's remaining arguments do not warrant discussion given our agreement with the district court's Eleventh Amendment analysis. We note only that, while Sissom generally asserts that the district court did not adequately consider his pro se status, the record suggests otherwise: the district court granted Sissom multiple extensions of time and gave him ample opportunity to amend his complaint, but Sissom never did.

Accordingly, the judgment of the district court is AFFIRMED.

---

[1]  In his complaint Sissom asks for reinstatement in addition to damages, but he never named as a defendant any state official, so effectively his suit is one for damages only. *See Takle v. Univ. of Wis. Hosp. & Clinics Auth.,* 402 F.3d 768, 772 (7th Cir. 2005); *MSA Realty Corp. v. Illinois*, 990 F.2d 288, 291 (7th Cir. 1993).